IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LIONEL LEE PRINCE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-26-1271 |
| CYNTHIA TAFERI, et al., | * | |
| Defendants. | * | |

***

**MEMORANDUM OPINION**

Pending before the Court are Defendant Cynthia Taferi's Motion to Dismiss (ECF No. 14), self-represented Plaintiff Lionel Lee Prince's Motion to Request Representation (ECF No. 19), Prince's Motions to Enter Default (ECF Nos. 20, 29), and Prince's Motion to Enter Exhibit A (ECF No. 30). The Motions are ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons stated below, the Court will grant the Motion to Dismiss and deny the Motion to Request Representation, the Motions to Enter Default, and the Motion to Enter Exhibit A.[1]

[1] Also pending before the Court are Defendants Officer Adai, Olawale Idowu, and Omobolaji Ajao's (collectively, "State Defendants") Second, Third, and Fourth Motions for Extension of Time (ECF Nos. 24–25, 34), Motion for Leave to Exceed Page Limit (ECF No. 26), and Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (the "Dispositive Motion") (ECF No. 27). The Court will grant State Defendants' unopposed Second and Third Motions for Extension of Time, which pertain to the Dispositive Motion they have already filed, (2d Mot. Extension Time at 1, ECF No. 24; 3d Mot. Extension Time at 1, ECF No. 25; see generally Mot. Dismiss or, in Alt., Summ. J., ECF No. 27), nunc pro tunc. The Court will likewise grant State Defendants' unopposed Fourth Motion for Extension of Time, which pertains to their forthcoming Reply in support of the Dispositive Motion, (4th Mot. Extension Time at 1, ECF No. 34), and unopposed Motion for Leave to Exceed Page Limit. Further, because State Defendants have not yet filed a

# I. BACKGROUND

## A. Factual Background[2]

Construing his Complaint generously, Prince alleges that while he was incarcerated at Western Correctional Institution ("WCI"), he discovered that a sick call slip dated May 14, 2022, was forged in an effort to cover up the fact that he was forced to clean up fecal matter. (Compl. at 4, ECF No. 1).[3] He denies ever seeing Defendant Cynthia Taferi, R.N., on May 14, 2022, despite the fact that her name appears on every medical record regarding the fecal matter. (Id.). He claims that when he requested his "original hand written sick call slip," he was given the "run around." (Id.). According to Prince, he wrote an administrative remedy procedure complaint ("ARP") "about this matter" and, as a result, was transferred from WCI to Jessup Correctional Institution ("JCI") in July 2025. (Id. at 4–5).

Prince alleges that he had previously been incarcerated at JCI, where he had filed an internal complaint against Defendant Lieutenant Omobolaji Ajao for "call[ing] [him into] the staff only bathroom and expos[ing] himself" that precipitated in a Prison Rape Elimination Act ("PREA") investigation. (Id.). He claims that since returning to JCI, he has faced retaliation by Ajao, Defendant Correctional Officer Olawale Idowu, and other correctional officers. (Id. at 5–7). Specifically, Prince alleges that "more than one Africa[n] male correctional officer" told him that he "would never earn any good conduct day and

---

Reply in support of their Dispositive Motion but have expressed their intention to do so, (id.), that Motion shall remain pending until such time as the Court receives their Reply.

[2] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[3] Citations to page numbers refer to the pagination assigned by the court's Case Management/Electronic Case Files ("CM/ECF") system.

state pay" because he "would never get an institution job"; that on November 14, 2025, after Prince signed off on two ARPs, Idowu wrote in a Notice of Infraction ("NOI") that he had discovered a homemade weapon on Prince during a strip search and notified Ajao of the incident; that the NOI listed two different dates for the reported conduct (November 11, 2025, and November 14, 2025); that before he could read the NOI, the hearing officer told him to "take [a] guilty plea of 40 days on disciplinary segregation, or get 180 days on disciplinary segregation"; that his cell on disciplinary segregation "was in inhumane living condition: the window [didn't] open or close, the power was off for three day[s], [the] heater was not in working order . . . at some of the coldest time[s] of winter," and human fecal matter flooded into his cell daily "from the top tier"; that he was not allowed to clean the fecal matter out of his cell for forty-two days; that he was not taken to medical after someone set a fire on his tier during his last week of disciplinary segregation; that he was not allowed to shower for ten days at a time even when others on his tier got to shower; that after he paid $22 to access messaging and phone apps, his access was turned off, cutting him off from the PREA hotline and loved ones; that his commissary account was restricted; and that the drinking water in his cell was cut off for two weeks. (Id.).

## B. Procedural History

Prince filed his Complaint against Taferi and Defendants Ajao, Idowu, and Officer Adai (collectively, "State Defendants" and, together with Taferi, "Defendants") for alleged violations of his Eighth Amendment rights on March 27, 2026. (ECF No. 1). Taferi filed a Motion to Dismiss on July 16, 2026. (ECF No. 14). On July 17, 2026, State Defendants filed a Motion for Extension of Time to respond to the Complaint, (ECF No. 17), which

the Court granted, (ECF No. 18). On August 17, 2026, Prince filed a Motion to Request Representation, (ECF No. 19), a Motion to Enter Default against Taferi, (ECF No. 20), and an Opposition to Taferi's Motion to Dismiss, (ECF No. 21). Taferi filed a Reply in support of her Motion to Dismiss, (ECF No. 22), and an Opposition to Prince's Motion to Enter Default, (ECF No. 23), on September 1, 2026. On September 11 and 28, 2026, State Defendants filed their Second and Third Motions for Extension of Time to respond to the Complaint. (ECF Nos. 24–25). On October 1, 2026, they filed a Motion for Leave to Exceed Page Limit, (ECF No. 26), and a Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (the "Dispositive Motion"), (ECF No. 27). The next day, on October 2, 2026, Prince filed a Motion to Enter Default against State Defendants. (ECF No. 29). On October 14, 2026, he filed a Motion to Enter Exhibit A, (ECF No. 30), and on November 9, 2026, he opposed the Dispositive Motion, (ECF No. 32). On November 17, 2026, State Defendants moved for an extension of time to file a Reply in support of the Dispositive Motion. (ECF No. 34).

## II. DISCUSSION

### A. Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible

on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

The pleadings of self-represented litigants are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Nonetheless, "[w]hile [the complaints of self-represented litigants] may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure

or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)). Further, "[t]he Court cannot act as a [self-represented] litigant's 'advocate and develop, sua sponte, statutory and constitutional claims' that the litigant failed to raise on the face of the complaint." Branch v. Machen, No. 3:14-CV-708, 2014 WL 6685497, at *2 (E.D.Va. Nov. 25, 2014) (quoting Newkirk v. Cir. Ct. of Hampton, No. 3:14-CV-372, 2014 WL 4072212, at *1 (E.D.Va. Aug. 14, 2014)).

## B. Analysis

### 1. Motion to Dismiss

The Court turns first to Taferi's Motion to Dismiss (ECF No. 14). In her Motion, Taferi asserts that Prince's main allegation—that he was confined at JCI in conditions that violated his Eighth Amendment rights—does not implicate her in any way. (Mem. L. Supp. Mot. Dismiss Compl. at 2–4, ECF No. 14-1). Rather, Prince's sole claim against her appears to be based on the pure speculative conclusion that a medical record prepared in 2022 (three to four years before the alleged acts of retaliation described in the Complaint occurred) was forged using her name. (Id.). This reading of the Complaint is supported by the content of Prince's Opposition. (See Resp. Opp'n Mot. Dismiss ["Opp'n"] at 1, ECF No. 21). The Court agrees with Taferi and will dismiss the Complaint as it relates to her.

Prince's allegation that Taferi forged medical documents, (Compl. at 4), is speculative and based on little more than his subjective belief. Prince seemingly believes that Taferi's name being on his medical documents is evidence that Defendants, in prior litigation that is no longer before this Court, presented false evidence to the Court. (See

Opp'n at 1 (asserting that the May 14, 2022 sick call slip was a "forgery of [Prince's] medical record to [cover up events underlying] civil action case 1:23-cv-00875-GLR," in which "after cleaning[]up bucket after bucket of fecal matter, he had hold [sic] in his foot")). Nothing in Prince's Complaint or his Opposition[4] suggests that Taferi was deliberately indifferent to a serious medical need of which she was either aware or should have been aware. See Anderson v. Kingsley, 877 F.3d 539, 544 (4th Cir. 2017) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)) ("[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Accordingly, the Court will dismiss the claim against Taferi.

[4] To the extent that Prince seeks discovery under Federal Rule of Civil Procedure 56(d) in opposition to the Motion to Dismiss, (Resp. Opp'n Mot. Dismiss [Opp'n] at 4, ECF No. 21), that request must be denied. This Court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999)). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. See Edwards, 178 F.3d at 243. The pending motion filed by Taferi does not seek summary judgment in the alternative; rather, it simply seeks dismissal under Rule 12(b)(6). An affidavit under Rule 56(d) is appropriate only where a motion for summary judgment has been filed and the nonmovant (in this case, Prince) "shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition." Fed.R.Civ.P. 56(d). Prince's stated need for discovery—to obtain the ARPs he filed between 2023 and 2024 while incarcerated at WCI, documentation from the PREA investigation regarding his internal complaint against Ajao, information sent to him by "medical records staff," and the ARP he filed after his transfer back to JCI, (Opp'n at 4)—therefore, is not a valid reason to deny the Motion to Dismiss.

**2. Motion to Request Representation**

Next, as noted above, Prince has filed a Motion to Request Representation (ECF No. 19). There is no "absolute right to appointment of counsel" under 28 U.S.C. § 1915. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987); Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989) (holding that § 1915 does not authorize compulsory appointment of counsel). A federal district court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary; before a court can consider exercising this discretionary power, however, an indigent claimant must present exceptional circumstances. See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) (citing United States v. Madden, 353 F.2d 792 (9th Cir. 1965)). Exceptional circumstances exist where a self-represented litigant "has a colorable claim but lacks the capacity to present it," such as when the litigant "is barely able to read and write." See Whisenant v. Yuam, 739 F.2d 160, 162–63 (4th Cir. 1984) (quoting Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978)), abrogated on other grounds by, Mallard, 490 U.S. at 298; see also Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. July 22, 2024) ("[A] district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel," including "whether the plaintiff 'has a colorable claim'" and "considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" (quoting Whisenant, 739 F.2d at 162)).

Here, Prince is able to read and write, as evidenced by the fact that he has already managed to oppose both dispositive motions and has filed several motions without the assistance of counsel. Accordingly, his motion will be denied without prejudice.

**3. Motions to Enter Default**

Prince's Motions to Enter Default (ECF Nos. 20, 29) must likewise be denied. Under Federal Rule of Civil Procedure 55(a), the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The failure to plead or defend does not automatically entitle a plaintiff to entry of default judgment, however; rather, the decision to enter default judgment is left to the discretion of this Court. See Dow v. Jones, 232 F.Supp.2d 491, 494 (D.Md. 2002) (quoting 10A Wright & Miller's Federal Practice & Procedure § 2682 (3d ed. 1995)). Entry of default judgment is not favored and is reserved for cases where the adversary process has been halted by an unresponsive party. See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits.").

Here, Prince filed both of his Motions to Enter Default after Defendants filed their dispositive motions responding to his Complaint. Accordingly, he is not entitled to default judgment, and his Motions shall be denied.

**4. Motion to Enter Exhibit A**

Finally, the Court turns to Prince's Motion to Enter Exhibit A, in which he seeks to submit a twenty-page letter from the Prisoner Rights Information System of Maryland, Inc., advising him of the law as it applies to his case. (Mot. Enter Ex. A at 1, ECF No. 30; see generally Ex. A, ECF No. 30-1). As this Court has recognized on several occasions, however, "[e]vidence supplied by experts as to legal conclusions is not admissible, 'nor

indeed "evidence" at all.'" Safeway, Inc. v. Sugarloaf P'ship, LLC, 423 F.Supp.2d 531, 539 (D.Md. 2006) (quoting Nutrition 21 v. United States, 930 F.2d 867, 871 n.2 (Fed.Cir. 1991)); MJ Harbor Hotel, LLC v. McCormick & Schmick Rest. Corp., 599 F.Supp.2d 612, 623 (D.Md. 2009) (quoting Safeway, 423 F.Supp.2d at 539); see also Allstate Ins. Co. v. Rochkind, 381 F.Supp.3d 488, 510 (D.Md. 2019) ("[T]estimony that states a legal conclusion is not admissible."). Accordingly, the Court will deny Prince's Motion.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Taferi's Motion to Dismiss (ECF No. 14) and deny Prince's Motion to Request Representation (ECF No. 19), Motions to Enter Default (ECF Nos. 20, 29), and Motion to Enter Exhibit A (ECF No. 30).[5] A separate Order follows.

Entered this 24th day of November, 2026.

/s/
George L. Russell, III
Chief United States District Judge

[5] Further, the Court will grant State Defendants' Motions for Extension of Time (ECF Nos. 24–25, 34) and Motion for Leave to Exceed Page Limit (ECF No. 26). State Defendants' Dispositive Motion (ECF No. 27) shall remain pending until such time as State Defendants file their Reply in support of that Motion.